

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 1:02-CR-32(1) |
| § | |
| HENRY LEE MITCHELL, III § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Henry Lee Mitchell, III, violated conditions of supervised release imposed by United States District Judge Richard A. Schell. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* [Clerks' doc. #47] requesting the revocation of Defendant's supervised release The Court conducted a hearing on August 12, 2008, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that

such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On December 10, 2002, The Honorable Richard A. Schell, United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of possession with intent to distribute 5 grams or more, but less than 50 grams, of cocaine base, a Class B felony. Judge Schell originally sentenced Mr. Mitchell to a term of 70 months imprisonment, to be followed by a five (5) year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health aftercare, ineligible for federal benefits for a period of 5 years, and a $100 special assessment.

On May 25, 2007, Mr. Mitchell completed his period of imprisonment and began service of the supervision term.

### B.  Allegations in Petition

The United States alleges that Defendant violated the following mandatory condition of supervised release:

*The defendant shall not illegally possess a controlled substance.*

Specifically, on or about August 21, 2007, Mr. Mitchell admitted to a Beaumont Police officer that the crack cocaine discovered at the residence where he was arrested, on said date, belonged to him.

### C.  Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*.  The Government offered, in exhibit form, a copy of the judgment entered in criminal cause number 1:07-CR-201(2), *United States v. Henry Lee Mitchell, III* [Clerk's doc. #31], pending here in the Eastern District of Texas, showing that Mr. Mitchell was in fact convicted of the crime of possession with intent to distribute less than 5 grams of cocaine base within 1,000 feet of a school.  The judgment also shows that the offense date of the criminal conduct made the basis of that conviction occurred on August 21, 2007, the same date alleged in the *First Amended Petition*.

Defendant, Henry Lee Mitchell, III, offered a plea of true to the allegations.  Specifically, Mr. Mitchell agreed with the evidence presented and pled true to the allegation that he illegally possessed a controlled substance in violation of his supervision conditions as alleged in the *First Amended Petition*.

### D.  Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised

release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a mandatory condition of his supervised release by illegally possessing a controlled substance, cocaine.

If the Court finds that Mr. Mitchell violated his supervision conditions by illegally possessing a controlled substance, specifically cocaine, this will constitute a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the Court shall revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon Mr. Mitchell's criminal history category of II and the Grade B violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from six (6) to twelve (12) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions.  The Court, therefore, finds by a preponderance of the evidence that Mr. Mitchell committed a Grade B violation of his supervision conditions by illegally possessing the controlled substance of cocaine.  Mr. Mitchell knowingly and voluntarily pled true and agreed with the Court's recommended sentence for that violation.

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.  The undersigned magistrate further recommends that the District Court order Defendant to serve a term of **six (6) months imprisonment**, to be served **consecutively** to the sentence imposed against him by Chief United States District Judge Thad Heartfield in criminal cause number 1:07-CR-201.   The Court finally recommends that Mr. Mitchell receive no further supervision term upon his release.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1)(c).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and

legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of August, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE